**STATE of Missouri, Respondent,**

v.

**Joseph ALEXANDER, Appellant.**

**No. 53717.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Tracy B. Zerman, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court, entered on a jury verdict, finding appellant guilty of possession of heroin, a Schedule I controlled substance, in violation of § 195.020, RSMo 1986, and possession of pentazocine, a Schedule IV controlled substance, in violation of § 195.240, RSMo 1986. Appellant was sentenced to five years on each count with the sentences to run concurrently. We affirm.

In his first point on appeal appellant contends the trial court erred in overruling his objection to the state's use of a peremp-

tory challenge to remove a black venireman from the panel. Appellant contends this venireman was removed on racial grounds.

The issue of discriminatory use of peremptory strikes is governed by the United States Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and the recent decision of our supreme court in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987).

In the case at bar the panel included three black venirepersons. The state used one of its six peremptory challenges to remove a black venireperson. The explanation given for excluding this venireperson was that he was the only unemployed panel member, he did not understand one of the questions asked by the prosecutor and responded incorrectly to a question posed by the prosecutor concerning prior jury service, he lived in a very high-crime neighborhood, and his appearance indicated he would not be a good juror for the state. The trial court overruled appellant's objection to the removal of this venireperson.

The trial court's finding of no discrimination in the use of a peremptory challenge is a finding of fact and should not be set aside unless clearly erroneous. *Antwine, supra*, at 66. In that regard deference should be given to the trial court's opportunity to judge the demeanor and credibility of the witnesses. *Id.*

The defendant has the burden of establishing a prima facie case of discrimination. *Id.* at 63. To establish a prima facie case the defendant must show facts and relevant circumstances that raise an inference of discrimination. *Batson, supra*. The trial court must consider the state's explanation of the manner in which it employed its peremptory strikes in determining whether the defendant has established a prima facie case. *Antwine, supra*, at 64. Peremptory challenges, by their very nature, require subjective evaluations of venirepersons and "perceptions of attitudes based upon demeanor, gender, ethnic background, employment, marital status, age, economic status, social position, religion, and many other fundamental background facts" can be considered. *Id.* In evaluating the state's justification for challenging the ven-

ireperson, the trial court should consider the relevance of the explanation to the crime charged and whether similarly situated white jurors escaped the state's challenge. *Id.* at 65.

In the case at bar, the state gave a neutral explanation for excluding the venireperson that was clear and reasonably specific. The fact that the venireperson was unemployed and lived in a high-crime area was related to the crime charged in that appellant was apprehended for possession of narcotics outside of a nightclub in a high-crime area. It could reasonably be perceived that the venireperson might possess attitudes sympathetic to appellant. The explanation given that the venireperson did not understand a question posed to him by the state is substantiated by the record and would relate to the venireperson's ability to comprehend the proceedings and serve as a juror. Further, the venireperson's appearance is a subjective factor that may be considered. Contrary to appellant's contention, the record does not disclose that any similarly situated white juror escaped challenge by the state. The circumstances fail to raise the necessary inference of racial discrimination. Point denied.

■ In his second point appellant contends the trial court erred in failing to grant a mistrial after the prosecutor repeatedly cross-examined a witness regarding matters not in evidence. The ruling on a motion for mistrial is within the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983). The granting of a mistrial is a drastic remedy to be granted only with the greatest caution and in extraordinary circumstances. *Id.*

At issue is the cross-examination by the state of a police officer who served as custodian of prisoner property at the city jail. Appellant's defense at trial was that he was not wearing, upon arrest, the clothing in which the police found the drugs. The state attempted to cross-examine the custodian of prisoner property as to visitation records and property records to determine whether a visitor could have brought appellant a change of clothing. The trial

court ruled at the outset that he would not allow the records to be passed among the jury because the records included dates of prior incarcerations. The prosecutor asked the witness whether he brought the records with him. Defense counsel asked to approach the bench and the judge immediately stated he would sustain an objection if defense counsel would object. Defense counsel instead requested a mistrial which the court denied. No evidence of prior incarcerations or prejudicial information was elicited. The trial court did not abuse its discretion in refusing to grant a mistrial. Point denied.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.